## CHARLES C. CROW, Appellant, v. J. A. MITCHELL and BERTHA MITCHELL.

### Division Two, February 2, 1917. .

1. **THEORY OF PETITION: Trial.** A law case tried on the theory of the petition is not tried on the wrong theory.

2. **ACTION ON ATTORNEY'S CONTRACT: Suit for Breach of Promise: Subsequent Marriage.** Where a widow entered into a written contract with an attorney to bring a suit against a physician for breach of a promise to marry, by which he was to receive one-half of whatever sum she should recover by suit or receive by settlement or agreement, and he institutes such suit and afterwards she and the physician marry, he cannot, in an action against them based upon the contract, recover one-half of any property rights accruing to her by operation of law as the result of her marriage to the physician, or any part of the value of the marriage to her; and instructions for defendants, allowing plaintiff to recover if she received either money or other property by agreement with the physician, being in harmony with the theory of the petition, do not submit the case to the jury upon a wrong theory.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.　　°

*L. C. Gabbert* and *Hughes & Whitsett* for appellant.

(1) The answers being general denials, the only issues presented were whether plaintiff performed any service under the contract, and if so, the measure of damages. (2) After plaintiff had entered upon the performance of the contract, Bertha Mitchell, by marrying her co-defendant, made it impossible for plaintiff to perform the contract further on his part. The law regards this a complete performance on his part. Pond v. Wyman, 15 Mo. 175; Nearns v. Hobart, 25 Mo. 352; Stinberg v. Gebhart, 41 Mo. 519; Walker v. Lundstrum, 132 Mo. App. 367; Boland v. Quarry Co., 127 Mo. 521; Wheeler v. Land Co., 193 Mo. 296; Kersey v. Garton, 77 Mo. 645; Reynolds v. Clark County, 162 Mo. 680. (3) Upon the disputed

testimony of both plaintiff and defendants, plaintiff was entitled to recover one-half the value of her marriage to the doctor. The written evidence (undisputed) shows that she herself placed the value of this at $30,000. Therefore, as against her plaintiff was entitled to recover one-half of that sum. (4) This should have been taken as the true measure of the value of her marriage to Dr. Mitchell, who was shown to be a man of great respectability and large property holdings, unless defendants should show that said marriage was of less value. That it was of less value was neither pleaded, not attempted to be proven. (5) It follows that each of the instructions asked by plaintiff ought to have been given; and each of the instructions given for defendants should have been refused. The case was tried on a wrong theory. Hoster v. Long, 80 Mo. App. 234; Bank v. Hainline, 67 Mo. App. 483. (6) Plaintiff had a lien on the fruits of the cause of action, which he was employed to, and did, sue on, and therefore Dr. Mitchell is liable for the same amount as his wife is liable for. Young v. Transit Co., 109 Mo. App. 235; Lipscomb v. Adams, 193 Mo. 530; Fisher-Hanson v. Railroad, 173 N. Y. 493; Lawson v. Tel. Co., 178 Mo. App. 124; Taylor v. Railroad, 207 Mo. 495. (7) The court eliminated by its instructions the fact that by dismissing her suit and marrying Dr. Mitchell, Mrs. Perkins got all she sued for; a husband, a living for herself and children, her happiness restored and all expectancies guaranteed to her under the law.

*W. M. Fitch* for respondents.

(1) The character of an action must be determined by the petition. Huston v. Tyler, 140 Mo. 262; Cole v. Armour, 154 Mo. 350; Hood v. Nicholson, 137 Mo. 414; Const. Co. v. Wrecking Co., 137 Mo. App. 399; Quigley v. King, 182 Mo. App. 207. (2) Plaintiff cannot sue on an express contract and recover on a *quantum meruit*. Cole v. Armour, 154 Mo. 350; Menefee v. Diggs, 186 Mo. App. 663; Stanley v. Whitlow, 181 Mo. App. 464; Michael v. Kennedy, 166 Mo. App. 466. (3) Plaintiff cannot sue on an express contract and recover on one implied. Walker

v. Bohannan, 234 Mo. 137; Quigley v. King, 182 Mo. App. 205; Michael v. Kennedy, 166 Mo. App. 466. (4) Plaintiff must recover, if at all, on the contract pleaded. Walker v. Bohannan, 243 Mo. 137. (5) Plaintiff insists that under his contract with Bertha Perkins, now Mitchell, he became entitled to one-half of the amount of actual and punitive damages sued for (both of which were unliquidated), by reason of the marriage of the parties to the original suit brought, notwithstanding the fact that appellant's client received no money or property from the defendant in said suit either before, at or after the marriage, and no contract under which she could or would receive any money or property from him. Such a construction of appellant's contract makes it one against public policy and void, because it would be a contract in restraint of marriage. Knost v. Knost, 229 Mo. 170; Williams v. Cowden, 13 Mo. 211; Winninger v. Mitchell, 139 Mo. App. 424; 9 Cyc. 518; Donohue v. Donohue, 159 Mo. App. 612. (6) The facts in the case at bar do not bring it within the rule of the cases cited in appellant's brief. Where a plaintiff dismisses a suit the plaintiff's attorney is not entitled to one-half of the amount sued for, regardless of what the plaintiff received by dismissing the suit. The cases cited do not so hold, where the attorney had a contract for a contingent fee. In such case, if the plaintiff should dismiss the suit, and refuse to prosecute the same, and did not receive any property or money for dismissing the suit, or in settlement thereof, then the plaintiff's attorney, if entitled to anything, would be entitled to recover for the reasonable value of his services, and no more. This is the rule of reason; he would have no right against the defendant in such case.

ROY, C.—Plaintiff sued on a written contract for compensation for services as an attorney. There was a verdict for defendants and plaintiff has appealed.

Bertha Perkins, a widow with two small children but without any property, was engaged to marry Dr. J. A. Mitchell, a widower with one child and well to do

financially. For some reason not stated, but evidently not going to the discredit of Mrs. Perkins, Dr. Mitchell "backed out" of the contract.

The widow engaged Mr. Crow, plaintiff here, as her attorney, to prosecute a suit against the doctor for "breach of promise." There was a written contract between plaintiff and Mrs. Perkins, which, after a recital of the facts contained the following: "Now therefore, it is agreed by and between the parties hereto that said party of the second part will institute such suit or suits as may be necessary, prosecute same to a final termination, to whatever court or courts same may be taken, and perform all necessary legal services in the case; and in consideration for the performance of said services, party of the first part agrees to pay party of the second part a sum of money equal to one-half of whatever sum or sums of money may be recovered or obtained on account of the breach of said contract, whether said money is obtained on execution, or by settlement, compromise or agreement.

"It is further understood and agreed that no settlement, compromise or adjustment of said case or cases will be made by either party to this contract, without the consent of the other party thereto."

Such suit was brought by this plaintiff in the name of Mrs. Perkins against Dr. Mitchell for $30,000 as damages for such breach of promise. Thereafter the engagement to marry was renewed, that suit was dismissed, and the wedding followed. This suit followed the wedding.

The petition herein sets out *in haec verba* the contract between the plaintiff and Mrs. Perkins, and then proceeds as follows: "Plaintiff states that thereafter and in the performance of his duties, under the terms of the contract herein set forth, this plaintiff prepared a petition and instituted a suit in the circuit court of DeKalb County, returnable to the October term of the circuit court, 1912, wherein Bertha Perkins was plaintiff and J. A. Mitchell was defendant, wherein plaintiff, in said suit so instituted, for Bertha Perkins, prayed in the petition for the sum of thirty thousand dollars for and

on account of Dr. J. A. Mitchell having refused to carry out and perform a promise of marriage with Bertha Perkins, plaintiff in said suit.

"Plaintiff states that long after the institution of said suit, Bertha Perkins and Dr. J. A. Mitchell intermarried, and prior to their marriage and since said marriage, both Bertha Perkins, now Mitchell, and Dr. J. A. Mitchell, have undertaken by wrongful and unlawful acts and conduct, to avoid the payment to plaintiff of compensation provided for in the contract hereinabove set forth.

"Plaintiff states that at and prior to the time of the marriage of Bertha Perkins and Dr. J. A. Mitchell, Dr. Mitchell was possessed of a large amount of property, both real and personal, consisting of life insurance, real estate, personal property, to the amount of fifty thousand dollars, and that at and prior to the time of said marriage Dr. J. A. Mitchell and Bertha Perkins, now Mitchell, entered into an agreement by the terms of which agreement Bertha Mitchell received one-half of all the property owned and possessed by said Dr. J. A. Mitchell, including life insurance, and that said agreement was entered into long after the institution of the suit hereinabove referred to, instituted by this plaintiff as attorney for Bertha Perkins, now Mitchell; and that Dr. J. A. Mitchell entered into a fraudulent arrangement and conspiracy with Bertha Mitchell, by which it was sought to prevent the payment to plaintiff for services performed in accordance with the contract hereinabove set forth, and that said Dr. J. A. Mitchell and said Bertha Perkins, now Mitchell, who is in the absolute control and under the domination of said Dr. J. A. Mitchell, are attempting to carry out the fraudulent scheme entered into, to defraud this plaintiff of compensation provided for in said contract, for the services performed and to be performed by plaintiff herein.

"Plaintiff states that as a direct result of the institution of said suit, Bertha Perkins, now Mitchell, has profited in the sum of twenty-five thousand dollars, and in addition thereto has obtained a home for her two chil-

dren, born of a former marriage, with an agreement to care for, maintain and educate said children, which is of the reasonable value of five thousand dollars, so that Bertha Perkins, now Mitchell, has profited by reason of the institution of said suit in the sum of thirty thousand dollars, one-half of which justly belongs to plaintiff in this suit, in accordance with the terms of the contract set out in this petition, and plaintiff's damages thereby in the sum of fifteen thousand dollars.

"Wherefore, plaintiff prays judgment against defendant and each of them in the sum of fifteen thousand dollars and his costs in this behalf expended."

The separate answers of the defendants were general denials.

On the trial the evidence tended to prove, and the defendant Bertha Mitchell admitted on the witness stand, that Mr. Crow, at her request, drew a form of contract between her and Dr. Mitchell in settlement of their differences, by which it was provided that the property of both of them should be owned equally by them during the marriage, and that all children of both parties, including those of each of them born of former marriages, should share equally in the property of both at their death. It further provided that the said two children of Bertha Perkins should be taken into the Mitchell home and educated and treated as the children of both parties. But she testified that Dr. Mitchell did not agree to such contract. There is no direct evidence that such contract was ever agreed to by Dr. Mitchell. The evidence for the defense is to the effect there was no agreement between the defendants at or prior to their marriage as to their property rights.

The plaintiff asked the following instructions which were refused:

"A. The court instructs the jury that under the law and the evidence in this case your verdict cannot be for the defendant Bertha Mitchell, but as to her, your verdict may be for the plaintiff in a nominal sum."

"B. The court instructs the jury you must, under the pleadings, and the evidence, find for the plaintiff in some nominal sum."

The court at the instance of defendants gave the following with other instructions:

"1.   The court instructs the jury that even though the jury may find and believe from the evidence that there was some attempt to make a property settlement between the defendant, J. A. Mitchell and Bertha Perkins before their marriage, but that when all of the evidence is considered, the jury shall find that no such settlement was in fact made, or agreed upon between them, then the jury are instructed that they cannot consider such overtures of settlement, if any, made by or between the defendants herein.

"2.   The court instructs the jury that the contract between Bertha Perkins and C. C. Crow did not, in law, prohibit the said Bertha Perkins from entering into marriage with J. A. Mitchell, but that she had a right, under the law, to enter into such marriage, and if the jury shall believe from the evidence that Bertha Perkins received no property, or benefits under her said marriage with J. A. Mitchell, or for dismissing her suit against him, except such as may be bestowed upon her under the law, by reason of such marriage, then the plaintiff cannot recover herein, and your verdict must be for the defendants."

The petition does not charge that Mrs. Perkins wrongfully dismissed her suit against Dr. Mitchell and thus prevented this plaintiff from carrying that suit to a sucessful termination, and it does not ask for a recovery on a *quantum meruit* based on such fact. It does not even allege that the former suit was ever terminated, by a dismissal or otherwise. It does plainly charge that, by agreement between the defendants, Mrs. Mitchell acquired one-half of the doctor's property. That was denied by the defendants' answer. The case was, under the instructions, submitted to the jury on that theory.

Appellant says in his brief that those instructions for the defendants were wrong, and that they submitted the case to the jury on the wrong theory; that the plaintiff herein should have been permitted to recover one-half of the value of Mrs. Perkin's marriage to the doctor.

To make the point plain we quote from plaintiff's brief as follows:

"Upon the undisputed testimony of both plaintiff and defendants, plaintiff was entitled to recover one-half the value of her marriage to the doctor. The written evidence (undisputed) shows that she herself placed the value of this at $30,000. Therefore, as against her plaintiff was entitled to recover one-half of that sum.

"This should have been taken as the true measure of the value of her marriage to Dr. Mitchell, who was shown to be a man of great respectability and large property holdings unless defendants should show that said marriage was of less value. That it was of less value was neither pleaded, nor attempted to be proven.

"It follows that each of the instructions asked by plaintiff ought to have been given; and each of the instructions given for defendants should have been refused. The case was tried on a wrong theory."

It is sufficient to say that it was tried on the theory of the petition. If it was tried on the wrong theory it was brought on the wrong theory.

The plaintiff's contract with Mrs. Perkins provided that he should get half of the money which she should recover or obtain for the breach of such contract of marriage, whether obtained "on execution, or by settlement, compromise or agreement."

The instructions for the defendants allowed plaintiff to recover if Mrs. Mitchell got either money or other property by agreement from Dr. Mitchell. The contract sued on herein does not give plaintiff any interest in any property rights accruing to Mrs. Mitchell by operation of law as the result of her marriage to Dr. Mitchell, nor does it give plaintiff any part of the *value of such marriage*.

The judgment is affirmed.

*White, C.,* not sitting.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.